RECEIVED+FILED

2020 FEB 18 AM 11:01

CLERK, US BANKRUPTCY COURT
EASTERN DISTRICT
ST LOUIS, MISSOURI-MR

February 11, 2020

**VIA U.S. Mail**
Bankruptcy Clerks Office
111 South 10th St., 4th Floor
St. Louis, MO 63102

**Re:   Compliance with Court Order**
**Case No. 17-41671**

To the Court:

At the hearing on 10/07/2019 and recited in the attached order of 10/28/2019, the court awarded the payment of the $260.00 filing fee in connection to the grant of Debtor's Motion For Sanctions For Violation of the Automatic Stay and/or Bankruptcy Discharge Injunction. This letter is to confirm and provide notice to the court that Debtor has received the payment of $260 from Respondants in compliance with the Court's Order. Accordingly, Debtor requests that the Court proceed with the closing of this case.

Regards,

Scott A. Smith
1528 Dorie Ct.
Fenton, MO 63026
(314) 737-2881

Encls.   October 28, 2019 Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                                    )
                                          )
SCOTT ANTHONY SMITH,                      )    Case No. 17-41671-659
                                          )    Chapter 7
                                          )
            Debtor.                       )

## ORDER

The matter before the Court is Debtor's Motion For Sanctions For Violation of the Automatic Stay and/or Bankruptcy Discharge Injunction, Respondents' Response to Motion to Enforce the Automatic Stay and/or Discharge Injunction and Motion for Sanctions, and Respondents' Memorandum of Law in Opposition to Debtor's Motion to Enforce the Automatic Stay and/or Discharge Injunction and Motion for Sanctions. The matter was originally heard on August 19, 2019 at which Debtor appeared *pro se* and Respondents appeared by counsel. The matter was continued to October 7, 2019, at which Debtor appeared *pro se* and Respondents appeared by counsel. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT AND CONCLUSIONS OF LAW**:

Scott Anthony Smith (hereinafter "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on March 15, 2017. Debtor listed Edward Vancil (hereinafter "Mr. Vancil") the attorney for Debtor's former-spouse for an attorney fee award of $40,000.00 (hereinafter "Debt") on Schedule F as an unsecured creditor. Mr. Vancil did not file an adversary proceeding objecting to dischargeability of the Debt. On August 9, 2017, the Court entered the Discharge of Debtor (hereinafter "Discharge Order"). On April 27, 2018, the Final Decree was entered and the case was closed.

On July 18, 2018, Mr. Vancil or an associate thereof contacted Debtor's former employer in connection with debt collection activities. On January 22, 2019, with the representation of

counsel, Greg A. Luber (hereinafter "Mr. Luber" and collectively with Mr. Vancil "Respondents"), filed on behalf of Mr. Vancil a Request for Garnishment with the Twenty-First Judicial Circuit Court of St. Louis, County, Missouri. On July 26, 2019, Debtor filed Motion to Reopen Case, along with the required filing fee of $260.00. On August 23, 2019, the Motion to Reopen Case was granted. On July 26, 2019, Debtor filed Motion For Sanctions For Violation of the Automatic Stay and/or Bankruptcy Discharge Injunction (hereinafter "Motion"). On August 15, 2019, Respondents filed Response to Motion to Enforce the Automatic Stay and/or Discharge Injunction and Motion for Sanctions (hereinafter "Response"). On October 3, 2019, Respondents filed Memorandum of Law in Opposition to Debtor's Motion to Enforce the Automatic Stay and/or Discharge Injunction and Motion for Sanctions (hereinafter "Memorandum").

Respondents deny that the Request for Garnishment was an attempt to "evade the Court's Discharge Order since this was not a debt that was subject to discharge" as "the award of attorney fees was in the nature of support." *See* Response at ¶ 8 and ¶ 13. Respondents point to *Anderson v. Anderson,* Adv. No. 16-4110, Main Case No. 16-43581-659 (hereinafter "*Anderson*"), a ruling in an adversary proceeding in a Chapter 13 case of this Court, that was entered on January 26, 2018 as support for the arguments that Respondents have not violated the discharge injunction.

Debtor's Motion request sanctions for the willful violation of the discharge injunction in the amount of $4,000.00—$2,000.00 for punitive damages and $2,000.00 for attorney fees—under 11 U.S.C. § 105(a). Lastly, Debtor request $260.00 for the filing fee to reopen the case.

### CONCLUSIONS OF LAW

The Court must determine whether Respondents violated the discharge injunction under 11 U.S.C. § 524 (a)(2) upon the attempt to collect the Debt after Debtor properly and timely listed Mr. Vancil and the Debt on Schedule F.

In a Chapter 7 bankruptcy proceeding, "a discharge operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor..." 11 U.S.C. § 524 (a)(2).

"Section § 524(a)(2) replaces the automatic stay of 11 U.S.C. § 362 with a permanent injunction against enforcement of all discharged debts after the entry of the discharge." *See In re Goodfellow*, 298 B.R. 358, 361 (Bankr. N.D. Iowa 2003) citing *In re Waswick*, 212 B.R. 350, 352 (Bank.D.N.D. 1997). The discharge injunction prohibits any attempt to collect from the debtor a debt that has been discharged unless the debt is excepted under 11 U.S.C. § 523. However, section § 523 exceptions to discharge are not always automatic. Action by the creditor is often required. Under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure (hereinafter "FRBP"), an adversary proceeding must be filed to determine the dischargeability of a debt. The Court notes Debtor's Discharge Order under 11 U.S.C. § 727 was entered on August 9, 2017. Debtor properly and timely listed Mr. Vancil and the Debt on Schedule F as an unsecured creditor. The Court further notes that Mr. Vancil did not file an adversary proceeding objecting to the dischargeability of the Debt. Respondents argue that the Debt, which is an attorney fee award of $40,000.00 for the attorney's fees of Debtor's former spouse from a divorce case, was in the "nature of support" as a domestic support obligation which is excepted from discharge. The Court finds that the issue of dischargeability is now moot over two years after the Discharge Order was entered and because Mr. Vancil did not file an adversary proceeding to determine whether the section § 523 exceptions to discharge for a domestic support obligation should apply in Debtor's case to the Debt. Since Debtor properly and timely listed Mr. Vancil and the Debt on Schedule F before the Discharge Order was entered, Mr. Vancil was on notice of Debtor's Chapter 7 bankruptcy proceeding and elected to not take any action on the dischargeability issue under FRBP 7001(6).

Respondents argue this Court's ruling in *Anderson,* where attorney's fees awarded to the attorney of a former spouse were excepted from discharge, is similar to this case. The Anderson case is distinguishable from the present case because *Anderson* was a Chapter 13 bankruptcy proceeding where an adversary proceeding was filed regarding the issues of dischargeability before entry of a discharge. In *Anderson*, the matter was tried before this Court. In *Anderson*, the Court weighed evidence and testimony such as "the language and substance of the agreement in the

-3-

context of surrounding circumstances; the use of extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments." *In re Phegley*, 443 B.R. 154, 158 (B.A.P. 8th Cir. 2011). Here, Mr. Vancil did nothing to object to the dischargeability of the Debt in an adversary proceeding. In this case, the Court does not have any evidence or testimony to evaluate the *Phegley* factors since there was no trial. Under the circumstances, the Court finds the Respondents did not bring this action in the correct procedural posture.

Furthermore, in a Chapter 7 bankruptcy proceeding under FRBP 4004(a), "an objection to the debtor's discharge must be filed no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341." Fed. R. Bankr. P. 4004(a). Similarly, under FRBP 4007(c), a complaint to determine dischargeability of debt under section § 523 must also "be filed no later than 60 days after the first date set for the meeting of creditors under section § 341." Fed. R. Bankr. P. 4007(c). "The plain meaning of the FRBP 4004(a) is that the 60-day period runs from the first date set for the meeting of creditors...FRBP 4004(a) sets a clear deadline for filing objections to discharge and, at the same time, provides a means by which creditors can protect their interests." *See In re McDowell*, 57 B.R. 310, 312 (Bankr. M.D. Pa.), *aff'd*, 85 B.R. 717, 718 (M.D. Pa. 1986). The Court finds Respondents' objection to dischargeabilty of the Debt is out of time procedurally and too late. Under FRBP 4004(a), an objection to discharge has a 60-day timeline. The Court notes that no objection by Mr. Vancil was made within the 60-day filing period. Respondents' attempt to object to dischargeability after Debtor's discharge was entered over two years ago is not timely. Therefore, the Court concludes that Debtor is entitled to a permanent injunction against enforcement of all discharged debts after the entry of the Discharge Order including the Debt to Mr. Vancil.

Lastly, Debtor seeks sanctions for the willful violation of the Discharge Injunction in the amount of $4,000.00—$2,000.00 for punitive damages and $2,000.00 for attorney fees. Debtor also request $260.00 for the filing fee paid to reopen the case. Under 11 U.S.C. § 362(h), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." A violation of the stay is "willful" where the violator's conduct is deliberate with knowledge of the bankruptcy filing. See In re Goodfellow, 298 B.R. 358, 361 (Bankr. N.D. Iowa 2003). "In imposing actual damages, the trial court has discretion to fashion the punishment to fit the circumstances." Id. Under the circumstances, the Court finds that Respondents' conduct fell short of "willful" because Respondents believed that the award of attorney fees was in the "nature of support" and therefore excepted from discharge thus no punitive damages will be awarded. As for the request for attorney fees, Debtor has appeared *pro se* in this case and did not present any evidence of attorney fees incurred. For that reason, the request for attorney fees will be denied. The $260.00 filing fee was paid by Debtor to reopen the case and will be awarded. Therefore,

**IT IS ORDERED THAT** Debtor's Motion For Sanctions For Violation of the Automatic Stay and/or Bankruptcy Discharge Injunction is **GRANTED IN PART** in that Debtor's request to enforce the Discharge Injunction is **GRANTED**; and the Debt owed to Mr. Vancil is subject to the Discharge Order previously entered in this case; and

**IT IS FURTHER ORDERED THAT** Debtor's Motion For Sanctions For Violation of the Automatic Stay and/or Bankruptcy Discharge Injunction is **DENIED IN PART** in that Debtor's request for sanctions and attorney fees is **DENIED**; and

**IT IS FURTHER ORDERED THAT** Debtor's request for Respondents to pay the $260.00 filing fee to reopen the case is **GRANTED**.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: October 28, 2019
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Scott Anthony Smith
647 Stone Bluff Court
Fenton, MO 63026

Edward Vancil
301 Sovereign Court, #205
Ballwin, MO 63011

Scott Smith
754 Goddard Ave.
Chesterfield, MO 63005

Charles M Markwell
Markwell Law, LLC
1031 Peruque Crossing Court, Ste. B
O'Fallon, MO 63366

Greg Luber
501 First Capitol Dr., Ste 2.
St. Charles, MO 63301

Sean C. Paul
The Law Offices of Sean C. Paul, PC
8122 Gravois Rd
St. Louis, MO 63123